## SIBIL SWEET ET ALS. *vs.* MARY MATHEWSON, ADMINISTRATRIX ON THE ESTATE OF CHRISTOPHER MATHEWSON.

On a petition for an appointment of referees, on an insolvent estate, "to hear, award and determine, all matters and claims, &c., and to make report thereof according to law," a writ was issused directing the referees to decide as should seem "just and equitable," and the petition was annexed to the writ and made a part of it: *Held,* the variance between the writ and the petition, is not a ground for setting aside the report, if the referees have decided according to law, and have not followed the words of the writ.

The petition stated that the parties had "agreed to submit the matters in dispute to the final award of three referees," and the writ authorized "three, or a major part" to decide, but the report having been signed by all the referees, it was held not to be vitiated by the irregularity in the writ.

After referees had been appointed, it was agreed by the parties that two new referees should be agreed upon, and an order was made on the record as follows: "5th day, rule amended, see agreement on file," in order that the additional referees might be agreed upon in vacation, and the rule amended in conformity to such agreement.

The parties not being able to agree, and the old referees having heard and reported upon the matters in dispute, under protest of one party, it was held that their report should not be set aside.

Sibil Sweet et als. *vs.* Mary Mathewson.

Exceptions to a report of referees under a rule of the Court. The facts and exceptions are stated in the opinion.

GREENE, C. J. The writ to the referees in this case was issued upon a petition filed in the Clerk's Office of the Supreme Court for this county, on the 27th day of February, 1849. The writ bears date the 28th day of February, in the same year; and the petition on which it issued is annexed to it, and referred to in it.

The referees made their report to the March term, 1850, of this Court. Exceptions were filed to the report by the present administrator, Nelson Andrews, and at the following September Term the exceptions were argued.

The first exception is to the effect, that by the petition the referees were to hear, award and determine all the matters, claims, &c., and the rights, interests and claims of said parties, and to make report thereof to this court according to law; whereas the writ directs them to decide as shall seem "just and equitable."

It is not alleged that the report is against law; we are bound, therefore, to assume, that it is according to law; so that the report is in conformity to the petition, if the writ be not, and the petition is annexed to the writ and made a part of it. Now, suppose the writ had given no directions how to decide, it would undoubtedly have been good. If the writ authorizes the referees to hear and decide, that is enough, without directing how they are to decide. That is to be left to their own judgment. If the case be one of chancery jurisdiction, it is to be determined according to the rules of equity; if at law,

according to the rules of law.  We do not think insert-
ing the words "just and equitable," ought to vitiate the
report, if the referees have decided according to law, and
have not followed these words.  They may be consid-
ered as surplusage.  Besides the claims against an in-
solvent estate are determined somewhat upon equitable
principles.  If the words objected to had led the referees
into any mistake, the case would have been different.

The second exception is founded on a discrepancy be-
tween the writ and the petition in this; the petition
states that the parties have agreed to submit their mat-
ters in dispute to the final award of the three referees;
and the writ authorizes " the three or the major part to
decide."

Under such a petition all the referees must sign the
award to make it binding.  This rule is well settled.
There is, therefore, the discrepancy complained of, but
we do not think the writ is, therefore, absolutely void.
The report is signed by all the referees, and is the same
as if the writ had corresponded with the petition.  The
difference is an irregularity, which ought not, under the
circumstances, to render the proceedings void.  If the
report had been signed by only a majority, we of course
should have set it aside.

And we feel the better satisfied with overruling both
these exceptions, from the fact, that when the adminis-
trator was before this court at the September Term, 1849,
on a motion to discharge the referees on the rule, he was
silent as to these objections, and does not make them be-
fore this Court, until the report comes in.

The third exception is, that at the September Term,
1849, an order was made on the record to the following

Sibil Sweet et als. *vs.* Mary Mathewson.

effect : " 5th day, rule amended, see agreement on file—
continued." The administrator had objected to the re-
ferees already agreed upon ; and the Court, after decid-
ing against the objection, suggested to the parties the
propriety of adding two new referees, which was assent-
ed to by the parties, but not being able to agree upon the
men, the above order was made, that the two additional
referees might be agreed upon in vacation, and the rule
amended in conformity to such agreement.

The parties afterwards met, but were not able to
agree. It is not necessary for us to consider who was in
fault. After the attempt to agree had failed, and before
a subsequent Term of the Court, the referees cited the
parties to appear before them, and they appeared and
were heard, and thereupon the referees made their report
to this Court. Before the referees proceeded to hear the
parties, the administrator protested against a trial at that
time, and asked for a continuance. First, because of the
differences between the writ and the petition, which we
have already considered. Second, " because an amend-
ment of the rule has been ordered by the Court by con-
sent of parties, with which order the respondents have
been and are willing to comply, and the complainants are
not ; and, therefore, this rule should not be carried out
to a hearing until further order of Court."

The decision upon this exception turns upon the con-
struction which we give to the order upon the record.
If the order had been " rule amended," and nothing
more, there would have been no doubt, such an order
would have suspended all authority to act under the old
rule. Then came the words, " see agreement on file,"
which explain how the rule was to be amended, and that

is, by an agreement which the parties were to make and place on file. And unless the parties did agree and place the agreement on file, the old rule was to stand without amendment. The amendment, therefore, by the terms of the order, was entirely executory and contingent, dependent on the consent of both parties; and as the parties could not agree, no amendment could be made. If either of the parties, after the failure to agree, had asked the Court to have this order taken off, the Court would have ordered it done. The rule is not amended, and the contingency cannot happen by which it is to be amended; and the Court, if in session, would have ordered the order stricken off the record upon the ground that it was a dead letter. Ought its remaining on the record, under these circumstances, to have the effect to suspend the power of the referees to act, and to avoid the report?

Suppose we set aside this report upon this ground, we should then order this order stricken from the record, and recommit the case to the same referees.

We think this would be giving to what was placed on the record, a very unreasonable construction, and doing great injustice.

Exceptions overruled.